**SO ORDERED.**

**SIGNED this 15 day of July, 2010.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO. |
| W. M. HALL'S FARM, INC. | ) | 04-12556 JTL |
| DEBTOR | ) | Chapter 12 |

**Memorandum Opinion**

This is an amendment to the memorandum opinion entered on June 25, 2010. The amendment concerns the correction of a nonmaterial error in which the court incorrectly stated that a motion for reconsideration brought pursuant to Federal Bankruptcy Rule 9023, which incorporates Fed.R.Civ.P. 59(e) by reference, may be brought within 28 days of the final order. Federal Bankruptcy Rule 9023 actually states that a motion for a

new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

This matter comes before the court on W.M. Hall's Farm, Inc.'s "Motion to Reconsider, Set Aside And Vacate Order Approving Trustee's Motion To Approve And Confirm Sale," which requests that: (1) the court enter an order granting the motion to reconsider an order approving an auction sale; and (2) the court grant such other relief that the court determines equitable and appropriate. A hearing was held on June 21, 2010, and the matter was taken under advisement. After considering the pleadings, evidence, applicable authority and arguments of counsel, the court enters the following findings of fact and conclusions of law.

## Findings of Fact

On November 1, 2004, W.M. Hall's Farm, Inc. and Daisy Hall Thomas filed bankruptcy petitions pursuant to Chapter 12 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Georgia, Albany Division. Subsequently, this court granted orders providing for the Chapter 12 Trustee to sell the estate's interest in the farm property and, if necessary to pay claims, the residence in which the corporate debtor's principal resides, located at 5002 Barrington Drive, Albany, Georgia. The Trustee sold the farm property accordingly.

On February 7, 2008, the court authorized the Trustee to liquidate the debtor's remaining real property. The Dougherty County Tax Assessors Office estimated the fair market value of the residence as $302,100.00. On December 3, 2009, the Trustee filed the Motion To Sell Property Free And Clear Of Liens. The motion was granted, pursuant to which the Trustee conducted an online auction of the residence through Rowell

Auctions, Inc. of Albany, Georgia. The auction continued until May 19, 2010, and the high bid was by Georgia Ice House, LLC for $255,750.00.

On May 12, 2010, before the auction was concluded, the debtor filed a Motion To Extend Time To Postpone Date And Time For Closing Of Trustee's Auction On Debtor's Property. At the hearing on the motion on May 18, 2010, testimony was offered to show that funds were being sought through Capitol City Bank in Albany, Georgia sufficient to pay the balance owed on the Chapter 12 Bankruptcy plans and all costs, expenses, commissions and administrative expenses resulting from the proposed auction. The court denied the motion on the same day because the debtor was unable to show that the loan had been approved or was certain to be approved.

The sale was subject to confirmation by the court. On May 21, 2010, the Trustee filed a Motion To Approve And Confirm Sale with a bar date to object of May 31, 2010. No objection was filed, and an order was entered on June 4, 2010 confirming the sale. After the expiration of the objection period, the corporate debtor's principal, Daisy Hall Thomas and a friend and business associate, Marie Currie, visited the President of Capitol City Bank in Atlanta, Georgia in order to obtain the approval of the funding from the bank. A local representative of Capitol City Bank in Albany, Georgia notified the debtor and Marie Currie that the bank would extend to Marie Currie a commercial loan in the amount of $148,000.00 on the condition that the property was purchased at the minimum appraised value of $185,000.00. The remaining $37,000.00 plus associated fees and costs were to be provided by Ms. Currie. Ms. Currie offered testimony that she or a trust she controlled would be purchasing the property to give Ms. Thomas an extended amount of time to refinance the residence and would expect to receive rent in an amount

equal to the monthly mortgage payments on Ms. Currie's mortgage from Capitol City Bank. On June 14, 2010, the debtor filed a Motion to Reconsider, Set Aside and Vacate Order Approving Trustee's Motion to Approve and Confirm Sale.

## Conclusions of Law

A. <u>The availability of funding does not constitute newly discovered evidence.</u>

A motion for reconsideration, which is treated as a motion to alter or amend a judgment if such motion is brought within 14 days of the final order, is governed by Fed.R.Civ.P. 59(e). <u>In re Barber</u>, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004). Rule 59(e) is made applicable to bankruptcy cases by Federal Bankruptcy Rule 9023. In order for a Rule 59(e) motion to be granted, a party must identify "newly-discovered evidence or manifest errors of law or fact." <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007); see <u>Barber</u> 318 B.R. at 924. There is no allegation of manifest error of law or fact.

To grant relief pursuant to Rule 59(e) on the grounds of newly discovered evidence, the newly discovered evidence must be of facts existing at the time of trial. 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2808 (1973); <u>Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc.</u>, 661 F.2d 761, 766 (9th Cir. 1981). In this case, Capitol City Bank approved the funding after this court entered the order to confirm the sale of the residence. Consequently, the debtor is unable to obtain relief pursuant to Rule 59(e) on the grounds of newly discovered evidence because proof of the acquisition of her loaned funds did not exist at the time of the entry of the order confirming the sale. The debtor alleged that certain miscommunications that occurred internally at Capitol City Bank caused the delay in her receiving approval of the loan. Such an occurrence, while unfortunate, does not change the fact that the debtor did

not have assurance of the loaned funds prior to the order confirming the sale of the residence to Georgia Ice House, LLC. Facts occurring after entry of the order complained of cannot qualify as "newly discovered evidence."

B. Denying the motion would not bring an inequitable result.

Although a bankruptcy court possesses broad initial discretion in granting or denying confirmation of a sale of assets, this range of discretion narrows considerably when a bankruptcy court is determining whether to set aside a prior confirmation order. In re WPRV-TV, Inc., 983 F.2d 336, 340 (1st Cir. 1993). Accordingly, a bankruptcy court usually may set aside a confirmed sale only if there was fraud, unfairness, or mistake in the conduct of the sale. M.R.R Traders, Inc. v. Cave Atlantique, Inc., 788 F.2d 816, 818 (1st Cir. 1986). In the immediate case, there were no allegations of fraud, unfairness, or mistake in the conduct of the sale. Although the debtor contended that the delays in obtaining the funding were due to communications mistakes within the bank, the mistakes did not relate to the conduct of the sale itself.

As a more essential concept, the principle of finality exists as a gatekeeper for reviewing any confirmations of sales. The finality of a sale serves as the counterweight to the bankruptcy court's discretion. WPRV-TV, 983 F.2d at 341. Thus, confirmed sales may be vacated only when compelling equities outweigh the interest in finality. In re F.A. Potts and Co., Inc., 93 B.R. 62, 64 (E.D. Pa. 1988), aff'd, 891 F.2d 280 (3d Cir. 1989), and aff'd, 891 F.2d 282 (3d Cir. 1989). The debtor contended that there would be a tremendous permanent loss to the debtor by the auction sale of the residence. It is undisputed that the Dougherty County Tax Assessors Office's valuation of the residence exceeds the auction sale price of $255,750.00. However, the anticipated loss of apparent

equity in the house does not constitute a violation of any "compelling" equities that may reach the high threshold of outweighing the interest in finality of a sale order. Moreover, as a practical matter, this court is reluctant to open a floodgate that increases the use of Rule 59(e) motion to reconsider whenever any subsequent changes of "facts" occur after sale orders.

Accordingly, this court holds that the debtor's recent acquisition of a commitment for loaned funds does not qualify for relief pursuant to Rule 59(e) on the grounds of newly discovered evidence because such evidence was not in existence at the time of the entry of the order confirming the sale to Georgia Ice Houses, LLC. An order in accordance with this Memorandum Opinion will be entered.